IN THE UNITED STATES COURT OF FEDERAL CLAIMS
_____

No. 13-520T

(Judge Margaret M. Sweeney)

JEFFREY H. GREINER & KIM E. GREINER,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
_____

ANSWER
_____

Defendant, the United States, through its attorneys, hereby answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation that is not specifically admitted below.

At this juncture, defendant further:

1.      Admits that this is an action arising under the Internal Revenue Code of 1986, as amended and codified at Title 26 of the United States Code, for the recovery of $4,742,703 in federal income tax collected from Plaintiffs by Defendant.  Denies that the income tax was illegally or erroneously assessed and collected.

2.      Avers that jurisdiction, to the extent it exists, arises under 28 U.S.C. § 1491.

3.      Admits allegations contained in paragraph 3.

4.      Admits allegations contained in paragraph 4.

5.      Admits allegations contained in paragraph 5.

1

6. Admits allegations contained in paragraph 6.

7. Avers that at some point prior to June 1, 2004, plaintiff Jeffery Greiner was employed by Advanced Bionics Corporation. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Admits the allegations contained in paragraph 12.

13. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Admits the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15.

16. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Admits that under the terms of the settlement agreement, Mr. Greiner was entitled to receive two fixed payments from Boston Scientific: one in February of 2008 (in the amount of $15,044,138.00) and the other in March of 2009 (in the amount of $20,804,697.00).

10723187.1

18. Admits that plaintiffs originally reported the February 2008 and March 2009 payments as ordinary income, consistent with Boston Scientific's reporting of those payments. Denies that plaintiffs' reporting was erroneous.

19. Admits the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Admits the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26.

27. Defendant hereby incorporates its responses to paragraphs 1 through 26, as if fully set forth herein.

28. Avers that the allegation in paragraph 28 is legal argument and conclusion, which require no response.

29. Avers that the allegation in paragraph 29 is legal argument and conclusion, which require no response.

30. Denies.

31. Defendant hereby incorporates its responses to paragraphs 1 through 30, as if fully set forth herein.

32. Avers that the allegation in paragraph 32 is legal argument and conclusion, which require no response.

10723187.1

33.     Avers that the allegation in paragraph 33 is legal argument and conclusion, which require no response.

34.     Denies.

WHEREFORE, defendant prays the complaint be dismissed, with all allowable costs assessed against plaintiff.

                                             Respectfully submitted,

___11/8/2013_____                   _s/Starling Marshall_____
                                             S. STARLING. MARSHALL
                                             Trial Attorney, Tax Division
                                             U.S. Department of Justice
                                             Post Office Box 227
                                             Washington, D.C.  20044
                                             Telephone: 202-305-7480
                                             Fax: (202) 514-9440
                                             S.Starling.Marshall@usdoj.gov

                                             KATHRYN KENEALLY
                                             Assistant Attorney General
                                             DAVID I. PINCUS
                                             Chief, Court of Federal Claims Section
                                             G. ROBSON STEWART
                                             Assistant Chief, Court of Federal Claims Section

__11/8/2013_____                   _s/ G. Robson Stewart_____
                                             Of Counsel

                                             Attorneys for the United States

10723187.1